**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GUMIPOD GROUP, LTD.,<br>*Plaintiff*,<br>v.<br><br>ALTRIA GROUP, INC., ALTRIA CLIENT SERVICES LLC, HELIX INNOVATIONS, LLC, ALTRIA GROUP DISTRIBUTION COMPANY,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:25-cv-00850-JRG-RSP |

**REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss Counts I-IV of the First Amended Complaint. **Dkt. No. 34**. In its Motion, Defendants argue that Plaintiff's First Amended Complaint (Dkt. No. 31) fails to adequately identify the alleged trade secrets or their misappropriation, fails to support a "conspiracy" claim under the Virginia Business Conspiracy Act, and that each claim is time barred. *Id.* Having considered the Motion, and for the reasons discussed below, the motion should be granted as to Plaintiff's breach of contract and conspiracy claims (Counts III-IV of the First Amended Complaint), and otherwise denied.

## I. LEGAL STANDARD

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint,

any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

## II. ANALYSIS

### A. Trade Secret Identification

Defendants argue that dismissal is appropriate since Plaintiff has allegedly not identified the alleged trade secrets with the requisite specificity. Dkt. No. 34 at 4-8. Significant discovery relevant to this issue has occurred subsequent to the filing of this motion, and the Court has found that Plaintiff has sufficiently disclosed its trade secrets for identification purposes in this case. *See* Dkt. No. 152 at 11:3-9, 12:5-7. Therefore, the motion should be denied as to trade secret identification.

### B. Trade Secret Misappropriation

Defendants allege that Plaintiff's amended complaint fails to "include sufficient factual assertions" that identify what actions by Defendants constitute the alleged misappropriation. Dkt.

No. 34 at 8. Defendants argue that these allegations fail to connect Plaintiff's trade secrets to Defendants' product and fail to explain how Defendants misappropriated the trade secrets. *Id.* at 8-9.

In response, Plaintiff notes that "Alleging receipt of confidential information that was then used for a defendant's own business" meets the pleading requirement for misappropriation of trade secrets. Dkt. No. 40 at 9. Plaintiff points to caselaw where such allegations were found sufficient at the pleading stage.

The Court finds that Plaintiff's misappropriation claims are properly pleaded. In *Accresa Health LLC v. Hint Health Inc.*, the Court found that trade secret misappropriation was properly pleaded when Plaintiff alleged that Defendant "improperly used these trade secrets in its technical systems and business models" 2018 WL 6626551, at *8 (E.D. Tex. Nov. 28, 2018).[1] Since Plaintiff's complaint alleges the same – that Defendants improperly used Plaintiff's trade secrets in its product packaging – the Court finds Plaintiff's pleadings sufficient.

**C. Statute of Limitations**

*1. Breach of Contract Claims*

Defendants argue that Plaintiff's breach of contract claims are time-barred, since the 5-year statute of limitations began to accrue when Defendants relaunched their product in June 2019, and the suit was filed on August 22, 2025. Dkt. No. 34 at 14. Defendants point to portions of the complaint where Plaintiff pleads that Defendants' product was launched in June 2019, and to Virginia caselaw that states that the 5-year statute of limitations began to accrue for a breach of contract claim when the alleged breach first occurs, regardless of knowledge. *Id.*

[1] While *Accresa Health* arose under Texas state trade secret law, since "misappropriation" is an element of Virginia, Texas and Federal trade secret laws, the Court finds it sufficiently persuasive.

In response, Plaintiff argues that further discovery is necessary, since this June 2019 re-launch "could have plausibly not resulted in commercial sales and injury to [Plaintiff] through the use of its trade secrets until at least 2020." Dkt. No. 40 at 17. Plaintiff argues that since the pleadings do not clearly state whether actual sales occurred, further factual development is necessary, and dismissal is unwarranted. *Id.*

The Court finds Plaintiff's breach of contract claims untimely. The MCA contained a choice of law provision, whereby Virginia law governs. *See* Dkt. No. 31 at ⁋ 10.1. For breach of contract actions, the statute of limitations runs 5 years from when the breach occurs. *See Kerns v. Wells Fargo Bank*, N.A., 296 Va. 146, 155 (2018) ("a right of action on a breach of contract claim generally accrues when the breach of contract occurs and not when the resulting damage is discovered.") (internal quotes omitted). Plaintiff's breach of contract claim is predicated on the MCA, which Defendants allegedly violated when they "relied upon [Plaintiff's] Trade Secrets without express written consent from [Plaintiff]." Dkt. No. 31 at ⁋ 73. Plaintiffs plead that "Defendants could not have independently developed a fully formed, market-ready product at this speed without relying on [Plaintiff's] Trade Secrets," that "[Plaintiff's] Trade Secrets…are used to provide customers with On! nicotine pouches across the United States" and that "in June 2019, [Defendants] publicly acquired and re-launched On! nicotine pouches." *Id.* at ⁋⁋ 53, 49, 5. Based on these pleadings, the Court finds that the complaint clearly states that breach occurred no later than the June 2019 launch of the On! pouches. Since this breach occurred more than 5 years prior to the filing of this action, the Court finds Plaintiff's breach of contracts claims time-barred.

*2. DTSA/VUTSA Claims*

Defendants argue that Plaintiff's DTSA and VUTSA claims are barred by their respective 3-year statute of limitations, since Plaintiff "should have" discovered the misappropriation as early

as 2019, when Defendants' product was launched. Dkt. No. 34 at 16. Defendants argue that since Plaintiff did not pleaded any facts to demonstrate diligence to discover the misappropriation, no later discovery date can apply. *Id.*

In response, Plaintiff points to ⁋ 38 of its Amended Complaint, where it pleads that it first became aware of Defendants' product on August 24, 2022, when marketing documents about Defendants' product were forwarded to it. Dkt. No. 40 at 13. Plaintiff points to several paragraphs of the complaint, in which they allege that they did not have constructive notice of a nicotine pouch product, since the prior discussions between the Parties related to a gum product. *Id.* at 13-14. Plaintiff notes that discovery of Defendants' product is particularly difficult, given that it was allegedly not launched in the United Kingdom, where Plaintiff is primarily located, in 2022. *Id.* at 15.

The Court finds that dismissal of Plaintiff's DTSA/VUTSA Claims is not appropriate since the pleadings show sufficient diligence by Plaintiff. While it is undisputed that Plaintiff's discovery of Defendant's alleged misappropriation can be no later than August 24, 2022, which is barely less than three years prior to the August 22, 2025 filing date, the pleadings do not show that Plaintiff's delayed discovery was due to a lack of diligence. *See* Dkt. No. 31 at ⁋ 38. Therefore, the Court finds that Plaintiff's DTSA and VUTSA claims should not be dismissed as time-barred.

*3. Business Conspiracy Claims*

Defendants argue that Plaintiff's business conspiracy claims are barred by the Virginia statute of limitations. Dkt. No. 34 at 17. Defendants point to *Detrick v. Panalpina, Inc.*, wherein the Fourth Circuit Court of Appeals found that that the statute of limitations accrues when "any damage from the alleged conspiratorial acts, no matter how slight" occurs. 108 F.3d 529, 543 (4th Cir. 1997) (*citing* Va. Code Ann. § 8.01–243). Defendants argue that while they believe Virginia's

2-year personal injury statute of limitations applies, Plaintiff's claims would still be barred by the 5-year statute of limitations, which the parties do not dispute applies. Dkt. No. 34 at 18. Defendants argue that Plaintiff's alleged injury "first occurred more than six years before" filing, in 2019, when Defendants product was first launched, and point to the paragraphs of the Amended Complaint which they argue supports this. *Id.*

In response, Plaintiff argues that like the breach of contract claims, further discovery is necessary, since this June 2019 re-launch "could have plausibly not resulted in commercial sales and injury to [Plaintiff] through the use of its trade secrets until at least 2020." Dkt. No. 40 at 17. Plaintiff argues that since the pleadings do not clearly state whether actual sales occurred, further factual development is necessary, and dismissal is unwarranted. *Id.*

Turning first to whether the 2-year, personal injury statute of limitations, or the 5-year business injury statute of limitations argument applies, the Court finds the claims time barred, regardless of which statute applies. Plaintiff's conspiracy claims rest on a conspiracy to violate the MCA and use its trade secrets without permission. *See* Dkt. No. 31 at ⁋⁋ 80-85. Plaintiff contends that it suffered damages "as a result" of this conspiracy. *See Id.* The Court, however, disagrees with Plaintiff's assessment that further factual development is necessary to determine when the injury began. Plaintiff's argument – that it is plausible no injury could have occurred outside the 5-year statute of limitations – is foreclosed by Plaintiff's own amended complaint. Plaintiff pleads that Defendants had "no authorization" to use Plaintiff's trade secrets to develop the On! pouches, that "Defendants could not have independently developed a fully formed, market-ready product at this speed without relying on [Plaintiff's] Trade Secrets," and that "in June 2019, [Defendants] publicly acquired and re-launched On! nicotine pouches." *Id.* at ⁋⁋ 51, 53, 5. Plaintiff's pleadings state that the alleged conspiracy resulted in the misuse of Plaintiff's trade secrets and that this June

2019 product launch could not have occurred without use of Plaintiff's trade secrets, it follows that any injury Plaintiff suffered "as a result" of this conspiracy must have occurred no later than this public launch. Additionally, the Court found above that the MCA was breached no later than the June 2019 public launch. Plaintiff has not shown, and the Court does not find, that proof of actual sales is necessary to show injury to Plaintiff under the statute. Since both grounds for Plaintiff's business conspiracy claims occurred outside the 5-year statute of limitations, the Court finds that they are time-barred.

If it were necessary to decide which limitations period applies, the Court finds that the better view of Virginia law is that the 2-year statute of limitations applies in this case. While the Virginia Supreme Court found the 5-year statute of limitations to apply to certain business conspiracy claims, Plaintiff's Amended Complaint is not factually analogous. *See Worrie v. Boze*, 198 Va. 533, 536–37 (1956). In *Worrie,* Respondents claimed that "their business or estate, their property in their contract with [Petitioner], was destroyed." Id. (emphasis added). The VBCA creates a cause of action for "injuring another in his reputation, trade, business or profession." Virginia Code §§ 18.2–499-500. The text of the statute refers to injury of "another," rather than directly to a business or property interest as in *Worrie. See In re Outsidewall Tire Litig.*, 2010 WL 11474981, at *5 (E.D. Va. June 29, 2010) ("This cause of action therefore only creates a claim for injury to the person, and not to property. Accordingly, the two-year statute of limitations applies to claims brought under § 18.2–499"). Since Count IV of the First Amended Complaint pleads that Defendants' alleged conspiracy was "for the purpose of injuring [Plaintiff] in its reputation, trade, business, and profession in violation of [the VBCA]" the Court finds that the 2-year personal injury statute of limitations applies.[2]

[2] *Mission Integrated Techs., LLC v. Clemente*, relied on by Plaintiff, relies on *Eshbaugh v. Amoco Oil Co.* for the proposition that the 5-year statute of limitations applies to VBCA claims. 158 F.4th 554, 565 (4th Cir. 2025) (citing

## III. CONCLUSION

Having considered the Motion, and for the reasons discussed above, the motion should be **GRANTED** in part as to Plaintiff's breach of contract and conspiracy claims (Counts III-IV of the First Amended Complaint) and otherwise **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 13th day of September, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

234 Va. 74, 76, (1987)). *Eshbaugh*, however took "no view as to the correctness" of the trial court's conclusion that the 5-year bar applied. 234 Va. 74, 76, (1987).