**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GUMIPOD GROUP, LTD., | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 2:25-cv-00850-JRG-RSP |
| | § | |
| ALTRIA GROUP, INC., ET. AL., | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion to Transfer to the Eastern District of Virginia Pursuant to 28 U.S.C. § 1404(a). **Dkt. No. 18**. In their motion, Defendants contend that this trade secrets case has "no meaningful connection to the Eastern District of Texas, it should not have been brought in this Court, and it should be transferred pursuant to 28 U.S.C. § 1404(a)." *Id.* at 1. Having considered the Motion, and for the reasons discussed below, the Court **DENIES** Defendants' Motion.

## I. LEGAL STANDARD

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. *See Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the

party seeking transfer. *See Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I.*

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the

pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

As the Fifth Circuit recently emphasized, the transfer burden "is not met if the movant merely shows that the transferee venue 'is more likely than not to be more convenient.'" *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). Rather, "a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *Id.* (emphasis original).

## II. ANALYSIS

### A. Venue in the Eastern District of Virginia

As a threshold matter, the Court finds venue proper in either the Eastern District of Virginia or the Eastern District of Texas. For each Defendant, Plaintiff's complaint lists a Richmond, Virginia address as its principal place of business, and alleges that all Defendants "directly and/or indirectly develop, design, manufacture, use, distribute, market, offer to sell and/or sell products and services in the United States, including in the Eastern District of Texas, that infringe." *See* Dkt. No. 1 at ¶¶ 9-13. Section 1391(b)(2) permits venue in any district where "such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Since Defendants' allegedly infringing sales purposefully availed themselves of Texas's jurisdiction, the

Court finds that these sales, and Defendants' Virginia incorporation, permit venue in either District.

### B. Private Interest Factors

#### *1. Source of Proof*

Defendants first argue that since most sources of proof are located in either "London, England or Richmond, Virginia," and that most events leading to the action occurred in Virginia, the "sources of proof" prong favors transfer. Dkt. No 18 at 5-6.

In response, Plaintiff argues that since all evidence is either electronic, "equally accessible from anywhere in the world," or abroad, the sources of proof does not favor Virginia. Dkt. No. 61 at 4. Plaintiff notes that despite their Virginia headquarters, Defendants maintain a significant physical presence in Texas. *Id.* at 4-5.

The Court finds the source of proof factor does not favor transfer. Plaintiff identifies several relevant Texas facilities, and notes that the accused product enjoyed significant sales in Texas. Furthermore, given the extent of electronic evidence, the Court finds it equally accessible in either forum. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). Defendants have not persuasively shown any significant amount of non-electronically stored documents. Therefore, the Court finds that the sources of proof factor does not favor transfer.

#### *2. Compulsory Process*

Defendants point to two former employees and argue that since public information indicates both still live in Richmond, Virginia, the compulsory process prong favors the Eastern District of Virginia. Dkt. No. 18 at 6-7. Defendants note that no identified witnesses are located in Texas. *Id.*

Plaintiff notes that Defendants' initial disclosures only identified one Virginia witness, and notes that Defendants provide no indication that the witness is *un*willing. Dkt. No. 61 at 5. Plaintiff argues that this prong disfavors transfer, since this single witness does not demonstrate that the Eastern District of Virginia is "clearly" more convenient. *Id.* at 6.

The Court finds that the compulsory process factor does not favor transfer. Defendants' initial witness list only identifies a single witness, who *may* reside in Virginia. Defendants provide no indication whether this witness is willing or not. The Court finds this factor does not favor transfer.

*3. Convenience and Cost of Attendance for Party Witnesses*

Defendants point to the nature of the action – stemming from United Kingdom-based employee's conversations with Richmond, Virginia-based employees – and argue this indicates "that relevant party witnesses are likely to be located in Richmond, Virginia and London, England." Dkt. No. 18 at 7. Defendants argue that for the Richmond-based witnesses, the burden is significantly higher to attend trial in Texas than Virginia. *Id.* at 8.

In response, Plaintiff notes that Defendants' witness list identifies two Virginia-based witnesses but notes that Plaintiff's "key" witness resides in London. Dkt. No. 61 at 7. Plaintiff contrasts this evidence with the "overwhelming" number of witnesses in the transferee forum in *In re Google LLC*, and the lack of connection to the transferor forum in that case. Here, on the other hand, there are only two Virginia-based witnesses. *Id.* (*citing* 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021)). Plaintiff notes that one of these witnesses "already travels to Texas for work," and that Defendant "maintains multiple physical buildings in Texas staffed with employees who work directly with" the accused products. *Id.* (*citing* Dkt. No. 61-5 at 170:9-11; 171:1-3).

The Court finds that the party witness travel cost prong does not significantly favor transfer. While based in Richmond Virginia, Defendants' witness list only names two individuals who reside there. Given the existing physical connection between the accused product, and Texas, the Court finds that this limited number of Virginia-based willing witnesses does not favor transfer from the Eastern District of Texas.

*4. Practical Problems*

Since neither party identifies any practical problems that bar or support transfer, and since no private interest factor clearly demonstrates that the Eastern District of Virginia is a more convenient venue, the Court finds that the private interest factors do not support transfer.

**C. Public Interest Factors**

*1. Court Congestion*

Defendants argue that since the median time to trial in the Eastern District of Virginia is less than that of the Eastern District of Texas, the court congestion prong favors transfer. Dkt. No. 18 at 9.

Plaintiff argues that since Defendants have failed to show that this case is "particularly complex or that it will require a lengthy trial," the court congestion prong does not favor transfer. Dkt. No. 61 at 8 (*citing Shoemake v. Union Pac. R.R. Co.*, 233 F.Supp.2d 828, 835 (E.D. Tex. 2002)).

The Court finds that this prong slightly favors transfer. While the Eastern District of Virginia enjoys a faster time to trial, the Court agrees that the lack of specific examples of complexity fails to further Defendants' argument. Therefore, the Court finds that this only slightly favors transfer.

*2. Local Interest*

Defendants argue that since "a local interest is demonstrated by a relevant factual connection between the events and the venue," and that the claims related to events in Virginia and the United Kingdom, that Virginia has a stronger local interest to hear the case. Dkt. No. 18 at 10. Defendants point to *Volkswagen II*, which found that the availability of a product in a district does not confer a significant local interest. *Id.* at 11.

In response, Plaintiff contrasts *Volkswagen II*, since here, Defendants' facilities and employees in Texas constitute more than "incidental business." Dkt. No. 9-10. Plaintiff notes that Texas is among Defendants' "largest and most successful markets" for the accused products, and points to sales figures and marketing materials directed at Texans. *Id.* at 10. Plaintiff notes that the proper analysis is not between a party and the venue, but the party's actions that lead to the case and the venue. *Id.* at 12 (*citing In re Clarke*, 94 F.4th, 502, 511).

The Court finds that the local interest prong does not favor transfer. In *Volkswagen II*, the underlying products liability action arose from an auto accident in Dallas. 545 F.3d at 317. The Court found that since the incident at issue had no relation to the transferor forum, transfer was appropriate. *Id.* While Defendants are headquartered in Virginia, the events underlying Plaintiff's pleaded harms – ongoing trade secret misappropriation – stems partially from ongoing sales in Texas, Defendants' largest market. Furthermore, Plaintiffs' identification of marketing and distribution efforts in Texas weigh against transfer. Because this evidence is more than just "incidental business," the Court finds the local interest prong does not favor transfer.

*3. Familiarly with Governing Law*

Defendants argue that since three of Plaintiff's four legal grounds are based on Virginia state law, the familiarity with governing law prong favors transfer. Dkt. No. 18 at 12. Defendants

note that the Virginia Business Conspiracy Act requires "legal malice," a "nuance" that "federal judges sitting in the district of the State for which the governing law applies have more experience and expertise in such laws compared to judges sitting in other districts." *Id.*

In response, Plaintiff argues that "district courts regularly apply other states' laws, and this Court is fully capable of applying Virginia law." Dkt. No. 61 at 13. Plaintiff notes that the elements of the Virginia Uniform Trade Secrets Act "substantially overlap" its Texas analogue, since both were "modeled after the Uniform Trade Secrets Act." *Id.*

The Court finds that the familiarity with the governing law prong does not favor transfer. District courts routinely apply out-of-state laws. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 67–68 (2013) (This court is "not aware of any exceptionally arcane features of [the transferee state's law] that are likely to defy comprehension by a federal judge sitting in [the transferor state]"). While Defendants argue that the unique "legal malice" standard of the VBCA favors transfer, the Court finds that since Defendants identify no particular difficulties applying it, transfer is not favored.

*4. Conflict of Laws*

Defendants concede this factor as neutral, since either Virginia or federal law applies in the action. Dkt. No. 18 at 13. Furthermore, the Court finds that since Defendants' significant connections with Texas do not outweigh the faster time to trial in Virginia, the public interest factors do not demonstrate that the Eastern District of Virginia is "clearly" more convenient.

Therefore, the Court finds that the public interest factors do not favor transfer.

## III. CONCLUSION

Having considered the Motion, and for the reasons assigned above, the Court finds that Defendants have failed to show that there would be "*significant*" gains in convenience that would

"*actually* materialize in the transferee venue." *In re Clarke, supra*. Accordingly, the Court hereby **DENIES** Defendants' Motion.

**SIGNED this 23rd day of September, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE